UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-04002-BFM                      **Date:**  July 27, 2026

**Title:**      *Chavez Pastore v. Warden of Adelanto ICE Processing Center, et al.*

=====================================================================

Present:   The Honorable <u>Brianna Fuller Mircheff, United States Magistrate Judge</u>

<table>
<tr><td align="center"><u>Christianna Howard</u><br>Deputy Clerk</td><td align="center"><u>N/A</u><br>Court Reporter / Recorder</td></tr>
<tr><td align="center">Attorneys Present for Plaintiff<br>N/A</td><td align="center">Attorneys Present for Defendant<br>N/A</td></tr>
</table>

**Proceedings:**    **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Yancy Yajayra Chavez Pastore filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on July 17, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **granted**.

**I.    Factual Background**

Petitioner is a noncitizen who is currently detained at the Adelanto ICE Processing center, within the Central District of California. (ECF 1 ("Pet.") at 1.) Petitioner entered the United States, was apprehended and detained, and was released on December 12, 2023, with conditions. (Pet. at 6, 9.)

On January 26, 2026, Petitioner was taken into immigration custody. (Pet. at 4.) He was detained without prior notice or any pre-deprivation process. (Pet. at 6.) Petitioner was ordered removed on June 12, 2026. (Pet. at 4.) Petitioner filed an appeal of the removal order on June 30, 2026, which remains pending. (Pet. at 5.) He filed this Petition on July 17, 2026, alleging, among other things, a violation of his procedural due process rights. (Pet. at 6-7.) Respondents filed their Answer. (ECF 9 (Answer).) Given the Court's review of those two pleadings, the Court deems it unnecessary to wait for Petitioner's response, and instead deems the matter fully briefed and ready for decision.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-04002-BFM                              **Date:**  July 27, 2026

**Title:**        *Chavez Pastore v. Warden of Adelanto ICE Processing Center, et al.*

====================================================================

## II.   Analysis

Petitioner argues that his detention violates due process and asks for release. (Pet. at 6-7.) The entirety of Respondents' Answer is that they "oppose Petitioner's release but do not oppose Petitioner being afforded a bond hearing." (Answer at 2.)

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Just last month, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted). Or, put more colorfully, "courts 'call balls and strikes'; they don't get a turn at bat." *Clark v. Sweeney*, 607 U.S. 7, 9 (2025) (quoting *Lomax v. Ortiz-Marquez*, 590 U.S. 595, 599 (2020)).

Here, Petitioner argued that he was not provided the process owed to him in connection with the process of his re-detention, and that the proper remedy is release. (Pet. at 6.) His argument is one that has been accepted by numerous courts in this Circuit, including this one. *See, e.g., Zarief Kamel v. Santacruz,* No. 5:26-cv-03481-BFM, 2026 WL 1965112, at *2 (C.D. Cal. July 2, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-04002-BFM                          **Date:**  July 27, 2026

**Title:**        *Chavez Pastore v. Warden of Adelanto ICE Processing Center, et al.*

===================================================================

Though Petitioner argued for release, Respondents did not respond to that argument—instead, they merely conceded his eligibility for a lesser form of relief that Petitioner sought in the alternative and registered their opposition to any other form of relief. (Answer at 2.) Respondents are represented by competent counsel with full access to all the relevant facts concerning Petitioner's detention, and they offered no factual or legal basis whatsoever to reject his claim. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where, like here, the respondent did not oppose granting a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-04002-BFM                    **Date:**  July 27, 2026

**Title:**        *Chavez Pastore v. Warden of Adelanto ICE Processing Center, et al.*

===================================================================

bond hearing but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

## III.   Conclusion

Accordingly, Claim One in the Petition (Pet. at 6) is granted. Petitioner Yancy Yajayra Chavez Pastore (A# 245-586-935) is ordered immediately released on the conditions previously imposed. Any property confiscated during his arrest shall be returned to him. The remaining Claims in the Petition are denied as moot in light of the relief granted on Claim One.

The Court declines to enter the specific future injunctive relief sought (Pet. at 7); the process provided in this case is inadequate but the Court is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**   5:26-cv-04002-BFM                          **Date:**  July 27, 2026

**Title:**        *Chavez Pastore v. Warden of Adelanto ICE Processing Center, et al.*

========================================================================

inclined to dictate the procedure that would comply with due process with the level of specificity requested.

Respondents shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Respondents shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

Initials of Preparer:      ch